1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| SHANNA PASELIO,<br><br>Plaintiff,<br><br>v.<br><br>FRESENIUS MEDICAL CARE HOLDING, INC.; FMC NORTH COAST KIDNEY CENTER; FRESENIUS MEDICAL CARE NORTH AMERICA; KATRINA DEMLOW; and DOES 1 to 10;<br><br>Defendants. | Case No.: 3:23-cv-00887-BEN-DDL<br><br>**ORDER: (1) REMANDING CASE TO CALIFORNIA SUPERIOR COURT; AND (2) DENYING MOTION TO DISMISS AS MOOT**<br><br>**[ECF No. 13]** |

20

**I.     INTRODUCTION**

21      Plaintiff Shanna Paselio brings this action against Defendants Fresenius Medical

22  Care Holding, Inc., et al. ("Fresenius"), FMC North Coast Kidney Center, Fresenius

23  Medical North America, and Katrina Demlow ("Demlow") (collectively, "Defendants").

24  ECF No. 9 ("FAC").   Plaintiff alleges various claims of discrimination, retaliation,

25  wrongful discharge, and more related to her employment with Defendants. *See generally*

26  *id.*   Before the Court is Fresenius' and Demlow's Motion to Dismiss Plaintiff's First

27  Amended Complaint.  ECF No. 13.  As set forth below, the Court **DENIES** as moot the

28  Motion to Dismiss and **REMANDS** the case to California Superior Court.

-1-

## II.   PROCEDURAL HISTORY

Plaintiff filed her original Complaint in California Superior Court.  *See* ECF No. 1 at 11.  The Complaint alleged: (1) a civil rights violation of freedom of speech; (2) "protected" class discrimination; (3) failure to prevent discrimination and retaliation; (4) gender discrimination in violation of FEHA; (5) breach of implied contract; (6) breach of the covenant of good faith and fair dealing; (7) violation of California's Family Rights Act; (8) wrongful constructive discharge of a whistle blower; (9) retaliation in violation of FEHA; (10) harassment in violation of FEHA and California Government Code § 12940(j); (11) negligence; and (12) violation of Business and Professions Code §§ 17200 *et seq.*  *See generally id.* at 11–39.

Fresenius and Demlow removed the case to federal court based on federal question jurisdiction pointing to Plaintiff's claims made under the First Amendment of the United States Constitution and under the Family and Medical Leave Act, *see* 29 U.S.C. § 2601 *et seq.*  ECF No. 1 at 3.  Fresenius and Demlow then filed a Motion to Dismiss, *see* ECF No. 4, but Plaintiff subsequently filed a First Amended Complaint.  ECF No. 9.  The First Amended Complaint removed the federal claims on which this Court's original jurisdiction was based and alleged fifteen state causes of action, for: (1) violation of the Unruh Civil Rights Act; (2) a second claim for violation of the Unruh Civil Rights Act; (3) racial discrimination in violation of FEHA; (4) gender discrimination in violation of FEHA; (5) age discrimination in violation of FEHA; (6) failure to prevent discrimination and retaliation in violation of California Government Code § 12940(k); (7) breach of contract; (8) breach of implied contract; (9) breach of the covenant of good faith and fair dealing; (10) violation of California's Family Rights Act; (11) wrongful discharge; (12) retaliation in violation of FEHA; (13) harassment in violation of FEHA and California Government Code § 12940(j); (14) negligence; and (15) violation of California's Business and Professions Code §§ 17200, *et seq.*  ECF No. 9.  Fresenius and Demlow filed a Motion to Dismiss the First Amended Complaint.  ECF No. 13.  Plaintiff filed an Opposition.  ECF No. 14.  Fresenius and Demlow filed a Reply.  ECF No. 15.

## III.  DISCUSSION

A district court may inquire into its own jurisdiction at any time. *Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017); *Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1113 n.7 (9th Cir. 2011) (a district court is free to reexamine supplemental jurisdiction on remand).  Although a court is not required at any particular time to *sua sponte* consider whether it is proper to assert continuing federal jurisdiction over state law claims when federal claims are eliminated, it must do so when a party raises the issue.  *See Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000–1001 (9th Cir. 1997) (*en banc*) ("[W]hile a district court must be sure that it has federal jurisdiction under [28 U.S.C.] § 1367(a), once it is satisfied that the power to resolve state law claims exists, the court is not required to make a § 1367(c) analysis unless asked to do so by a party.").

Plaintiff did not make a motion to remand the action to state Court.  However, Plaintiff raised the issue in its Opposition to Fresenius' and Demlow's Motion to Dismiss, by noting that the federal claims have been removed and stating: "The state claims are before this court pursuant to supplemental jurisdiction with the federal claims. The Court may choose to exercise its discretion and refuse jurisdiction over the state claims and remand them to state court."  ECF No. 14 at 11.  Fresenius and Demlow argue that this is not a case where supplemental jurisdiction should be declined, because "Plaintiff's conduct is a transparent attempt to get her case remanded to state court."  ECF No. 15 at 3.  However, Plaintiff makes no formal motion to remand and instead, simply invites the Court to exercise its discretion by declining jurisdiction should it so choose.  *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (courts may remand *sua sponte* or on motion of a party).

"[W]hen a defendant removes a case to federal court based on the presence of a federal claim an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."  *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) (citations omitted).  However, a district court's decision to exercise supplemental jurisdiction when there are no longer claims supporting original jurisdiction

-3-

is purely discretionary. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Once the claim over which it had original jurisdiction is dismissed, a federal court may remand or dismiss the remaining state law claims. 28 U.S.C. § 1367(c)(3). If "the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citations omitted). Remand may be preferable to dismissal when declining to exercise jurisdiction. *Id.* at 352–53 ("Even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, and comity.").

      *Carnegie-Mellon* observes that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims . . . . [and] these factors usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" 484 U.S. at 350 n. 7 (citations omitted); *Acri*, 114 F.3d at 1001 ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.'"). Continuing to assert federal jurisdiction over purely state law claims is less compelling when the federal claim is eliminated at an early stage of the litigation and the case presents novel or complex issues of state law, as does this case. *Carnegie-Mellon*, 484 U.S. at 351 ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had *a powerful reason* to choose not to continue to exercise jurisdiction.") (emphasis added).

      Here, Plaintiff's First Amended Complaint eliminated the only two federal law

claims early in this litigation and now alleges fifteen causes of action based purely on novel state law.  Informed by the *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), values of economy, convenience, fairness, and comity—rather than dismiss the remaining claims—the Court declines to exercise jurisdiction over the fifteen state law claims that remain and instead, remands this case to the Superior Court of California.  *See Yazdanpanah v. Sacramento Valley Mortg. Grp.*, No. C 09-02024 SBA, 2010 WL 890952, at *1 (N.D. Cal. Mar. 10, 2010) ("When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action and exercise its discretion to remand them to state court.").

## IV.    CONCLUSION

The instant action is **REMANDED** to the Superior Court of California, County of San Diego.  Because the Court remands the case, Fresenius' and Demlow's Motion to Dismiss is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:    March 26, 2024

_____
**HON. ROGER T. BENITEZ**
United States District Judge